Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X
JEFRY ARIEL IZAGUIRRE, EVER GEOVANNY
GONZALEZ CEVEDA, EDAN CEVEDACACERES, and
EDAN CALDERON GARCIA, individually and on behalf
of all others similarly situated,

                                                         Plaintiffs,

    -against-

CROSSCITY INSPECTION SERVICES, INC., HUGE
CONSTRUCTION LLC. and MEIQIAO LLC. and WEIHONG
HU, as an individual,

                                                 Defendants.
-------------------------------------------------------------------------X

**CLASS/COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiffs, **JEFRY ARIEL IZAGUIRRE, EVER GEOVANNY GONZALEZ CEVEDA, EDAN CEVEDACACERES, and EDAN CALDERON GARCIA, individually and on behalf of all others similarly situated,** (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiffs, **JEFRY ARIEL IZAGUIRRE, EVER GEOVANNY GONZALEZ CEVEDA, EDAN CEVEDACACERES, and EDAN CALDERON GARCIA, individually and on behalf of all others similarly situated,** through undersigned counsel, bring this action against **CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC. and MEIQIAO LLC. and WEIHONG HU, as an individual**, (Hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment

1

at **CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC, and MEIQIAO LLC.** located at 61-27 186th Street Fresh Meadows, NY 11365.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES
### *The Plaintiffs*

7. Plaintiff JEFRY ARIEL IZAGUIRRE, residing in Brooklyn, NY, was employed from in or around June 2021 until in or around March 2022 by Defendants at CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC., and MEIQIAO LLC., located at 61-27 186th Street Fresh Meadows, NY 11365.

8. Plaintiff EVER GEOVANNY GONZALEZ CEVEDA, residing in Brooklyn, NY, was employed from in or around February 2021 until in or around February 2022 by Defendants at CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC., and MEIQIAO LLC., located at 61-27 186th Street Fresh Meadows, NY 11365.

9. Plaintiff EDAN CEVEDACACERES, residing in Brooklyn, NY was employed from in or around June 2020 until in or around December 2021 by Defendants at

2

CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC., and MEIQIAO LLC., located at 61-27 186th Street Fresh Meadows, NY 11365.

10. Plaintiff, EDAN CALDERON GARCIA, residing in Brooklyn, NY, was employed from in or around March 2019 until in or around August 2020 by Defendants at CROSSCITY INSPECTION SERVICES, INC. and HUGE CONSTRUCTION LLC., and MEIQIAO LLC., located at 61-27 186th Street Fresh Meadows, NY 11365.

### *The Defendants*
### Crosscity Inspection Services, Inc.

11. At all relevant times hereto, Defendant CROSSCITY INSPECTION SERVICES, INC. is a domestic business corporation organized under the laws of New York with a principal executive office at 61-27 186th Street Fresh Meadows, NY 11365.

12. Upon information and belief, Defendant CROSSCITY INSPECTION SERVICES, INC. is a corporation authorized to do business under the laws of New York.

### Huge Construction LLC.

13. At all relevant times hereto Defendant HUGE CONSTRUCTION LLC. is a domestic limited liability company organized under the laws of New York with a principal executive office at 61-27 186th Street Fresh Meadows, NY 11365.

14. Upon information and belief, Defendant HUGE CONSTRUCTION LLC. is a corporation authorized to do business under the laws of New York.

### Meiqiao LLC.

15. At all relevant times hereto, Defendant, MEIQIAO LLC. is a domestic limited liability company organized under the laws of New York with a principal executive office at 61-27 186th Street Fresh Meadows, NY 11365.

16. Upon information and belief, Defendant, MEIQIAO LLC. is a corporation authorized to do business under the laws of New York.

### Individual Defendant Weihong Hu

17. At all relevant times hereto, Defendant WEIHONG HU, owns and operates CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC., and MEIQIAO LLC.

18. At all relevant times hereto, Defendant WEIHONG HU is an agent of CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC., and MEIQIAO LLC.

19. At all relevant times hereto, Defendant WEIHONG HU has power over personnel decisions at CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC. and MEIQIAO LLC.

20. At all relevant times hereto, Defendant WEIHONG HU has power over payroll decisions at CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC., and MEIQIAO LLC.

21. Defendant WEIHONG HU has the power to hire and fire employees at CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC., and MEIQIAO LLC., establish and pay their wages, set their work schedule, and maintain their employment records.

22. During all relevant times herein, Defendant WEIHONG HU, was Plaintiffs' employer within the meaning of the FLSA and NYLL.

## Joint Enterprise(s) of the Corporate Defendants

23. At all times relevant to this action, Corporate Defendants were enterprises as defined in Sec. 3(r) of the FLSA, 29 U.S.C. § 203(r).

24. At all times relevant to this action, Corporate Defendants were Plaintiff's employers as defined by 29 U.S.C. § 203(d) and NYLL §§ 2(6), 190(3) and 651(6) and Corporate Defendants employed or jointly employed Plaintiffs.

25. Upon information and belief, Corporate Defendants shared a common or overlapping management, as all are operated by the individual Defendant(s) sued herein.

26. Upon information and belief, Corporate Defendants shared the same pay practices, policies and procedures, and/or payroll systems for paying employees of Corporate Defendants.

27. Upon information and belief, Corporate Defendants functioned as a single integrated enterprise for purposes of the FLSA/NYLL.

28. Upon information and belief, CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC., and MEIQIAO LLC., are at present and have been at all

times relevant to the allegation in the complaint, an integrated enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS
## JEFRY ARIEL IZAGUIRRE

29. Plaintiff JEFRY ARIEL IZAGUIRRE was employed by Defendants at CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC., and MEIQIAO LLC., from in or around June 2021 until in or around March 2022.

30. During Plaintiff JEFRY ARIEL IZAGUIRRE's employment by Defendants at CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC., and MEIQIAO LLC., Plaintiff's primary duties were as a mason and carpenter, while performing other miscellaneous duties.

31. Plaintiff JEFRY ARIEL IZAGUIRRE was paid by Defendants a flat hourly rate of approximately $30.00 per hour for all hours worked from in or around June 2021 until in or around March 2022.

32. Plaintiff JEFRY ARIEL IZAGUIRRE regularly worked a schedule of shifts beginning at approximately 7:00 a.m. each workday and regularly ending at approximately 8:30 p.m., or later, three (3) days per week and ending at approximately 11:00 p.m., or later, two (2) days per week from in or around June 2021 until in or around March 2022.

33. Thus, Plaintiff JEFRY ARIEL IZAGUIRRE worked approximately seventy-two and a half (72.5) hours or more hours per week at CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC., and MEIQIAO LLC. from in or around June 2021 until in or around March 2022.

34. Although Plaintiff JEFRY ARIEL IZAGUIRRE worked approximately seventy-two and a half (72.5) or more hours per week during his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

5

35. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

36. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

37. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

38. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

39. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

**EVER GEOVANNY GONZALEZ CEVEDA**

40. Plaintiff EVER GEOVANNY GONZALEZ CEVEDA was employed by Defendants at CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC., and MEIQIAO LLC., from in or around February 2021 until in or around February 2022.

41. During Plaintiff EVER GEOVANNY GONZALEZ CEVEDA's employment by Defendants at CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC., and MEIQIAO LLC., Plaintiff's primary duties were as a mason and carpenter, while performing other miscellaneous duties.

42. Plaintiff EVER GEOVANNY GONZALEZ CEVEDA was paid by Defendants a flat hourly rate of approximately $25.00 per hour for all hours worked from in or around February 2021 until in or around February 2022.

43. Plaintiff EVER GEOVANNY GONZALEZ CEVEDA regularly worked a schedule of shifts beginning at approximately 7:00 a.m. each workday and regularly ending at approximately 8:30 p.m., or later, five (5) days per week and ending at approximately 5:00 p.m., or later, one (1) day per week from in or around February 2021 until in or around February 2022.

44. Thus, Plaintiff EVER GEOVANNY GONZALEZ CEVEDA worked approximately seventy-seven and a half (77.5) hours or more hours per week at CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC., and MEIQIAO LLC. from in or around February 2021 until in or around February 2022.

45. Although Plaintiff EVER GEOVANNY GONZALEZ CEVEDA worked approximately seventy-seven and a half (77.5) hours or more hours per week during his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

46. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

47. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

48. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

49. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore,

7

an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

50. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## **EDAN CEVEDACACERES**

51. Plaintiff EDAN CEVEDACACERES was employed by Defendants at CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC., and MEIQIAO LLC. from in or around June 2020 until in or around December 2021.

52. During Plaintiff EDAN CEVEDACACERES's employment by Defendants at CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC., and MEIQIAO LLC., Plaintiff's primary duties were as a carpenter, while performing other miscellaneous duties.

53. Plaintiff EDAN CEVEDACACERES was paid by Defendants a flat hourly rate of approximately $28.00 per hour from in or around June 2020 until in or around December 2021.

54. Plaintiff EDAN CEVEDACACERES regularly worked a schedule of shifts beginning approximately at or around 7:00 a.m. until at or around 11:30 p.m. or later, five (5) to six (6) days per week from in or around June 2020 until in or around December 2021.

55. Thus, Plaintiff EDAN CEVEDACACERES worked approximately eighty-two and a half (82.5) to ninety-nine (99) hours or more hours per week at CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC., and MEIQIAO LLC. from in or around June 2020 until in or around December 2021.

56. Although Plaintiff EDAN CEVEDACACERES worked approximately eighty-two and a half (82.5) to ninety-nine (99) hours or more hours per week during his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

57. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.
58. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.
59. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.
60. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.
61. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

### **EDAN CALDERON GARCIA**

62. Plaintiff EDAN CALDERON GARCIA was employed by Defendants at CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC., and MEIQIAO LLC., from in or around March 2019 until in or around August 2020.
63. During Plaintiff EDAN CALDERON GARCIA's employment by Defendants at CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC., and MEIQIAO LLC., Plaintiff's primary duties were as a carpenter, while performing other miscellaneous duties.
64. Plaintiff EDAN CALDERON GARCIA was paid by Defendants a flat hourly rate of approximately $25.00 per hour from in or around March 2019 until in or around August

2019 and approximately $30.00 per hour from in or around September 2019 until in or around August 2020.

65. Plaintiff EDAN CALDERON GARCIA regularly worked a schedule of shifts Monday through Friday beginning at approximately 7:00 a.m. each workday and regularly ending at approximately 5:00 p.m., or later, two (2) days per week and ending at approximately 8:00 p.m., or later, three (3) days per week from in or around March 2019 until in or around August 2020.

66. However, Plaintiff EDAN CALDERON GARCIA was also required to work during Saturdays four (4) times per month during the summer season, and two (2) times per month during the spring, fall, and winter season, with a schedule of shift beginning at approximately 7:00 a.m. and regularly ending at approximately 3:00 p.m.

67. Thus, Plaintiff EDAN CALDERON GARCIA worked approximately fifty-nine (59) to sixty-seven (67) hours or more hours per week at CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC., and MEIQIAO LLC. from in or around March 2019 until in or around August 2020.

68. Although Plaintiff EDAN CALDERON GARCIA worked approximately fifty-nine (59) to sixty-seven (67) hours or more hours per week during his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

69. Defendants paid Plaintiff EDAN CALDERON GARCIA on a bi-weekly basis, failing to timely pay Plaintiff for his first week of wages from in or around from in or around March 2020 until in or around August 2020 and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

70. Due to Defendant's bi-weekly payments, Plaintiff experienced a myriad of financial difficulties specifically in covering his regular expenses such as bills, food, transportation and other expenses.

71. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

72. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

73. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

74. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

75. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## DEFENDANTS' VIOLATIONS UNDER NYLL
## COMMON TO ALL PLAINTIFFS

76. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

77. Upon information and belief, Defendants failed to provide Plaintiffs with a wage notice at the time of their hire or at any time during their employment in violation of the NYLL.

78. Upon information and belief, Defendants failed to provide Plaintiffs with an accurate wage statement that included all hours worked and all wages received each week when Plaintiffs were paid in violation of the NYLL.

79. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiffs suffered a concrete harm, resulting from Plaintiffs' inability to identify Plaintiffs' employer to remedy their compensation problems, lack

    of knowledge about the rates of pay they were receiving and/or should have receiving for their regular hours and overtime hours, terms, and conditions of their pay, and furthermore, an inability to identify their hourly rate of pay to ascertain whether they was being properly paid in compliance with the FLSA and NYLL – which they were not.

80. Furthermore, Defendants' alleged willful failures to provide Plaintiffs with these documents prevented Plaintiffs from being able to calculate their hours worked, and proper rates of pay, and determine if they were being paid time-and-a-half for their overtime hours as required by the FLSA and NYLL.

## **COLLECTIVE ACTION ALLEGATIONS**

81. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

82. Collective Class: All persons who are or have been employed by the Defendants as carpenters, masons, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wage compensation.

83. Upon information and belief, Defendants employed at least 100 employees within the relevant time-period who were subjected to similar payment structures.

84. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

85. Defendants' unlawful conduct has been widespread, repeated, and consistent.

86. Upon information and belief, Defendants had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.

87. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

88. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

89. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

90. The claims of Plaintiffs are typical of the claims of the putative class.

91. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

92. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

**FEDERAL RULE OF CIVIL PROCEDURE RULE 23 CLASS ALLEGATIONS**

93. Plaintiffs sue on their own behalf and as the class representative (hereinafter referred to as the "New York Class Representative") and bring the Second and Fourth Causes of Action on their own behalf and as a class action, on behalf of those similarly situated, pursuant to Fed. R. Civ. P. 23(a) and (b). The Fed. R. Civ. P. 23 Class is defined as:

    Carpenters, masons, or other similarly titled personnel who are currently or have been employed by the Defendants at CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC. and MEIQIAO LLC., located at 61-27 186th Street, Fresh Meadows, NY 11365 and who worked greater than 40 hours per week (hereinafter referred to as the "New York Class") without receiving time and a half for all hours over 40 each workweek during the 6 years prior to the filing of the Complaint (hereinafter referred to as the "New York Class Period").

94. The persons in the New York Class are so numerous that joinder of all members is impracticable. Although, the precise number of such persons is unknown, and facts upon which the calculation of that number are presently within the sole control of the

Defendants, upon information and belief, there are greater than 100 members of the New York Class during the New York Class Period.

95. There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

   a. Whether Defendants unlawfully failed to pay overtime compensation and spread of hours compensation in violation of and within the meaning of the NYLL;

   b. Whether the New York Class Representatives and New York Class are nonexempt from entitlement to overtime compensation for hours worked under the pay requirement of the NYLL;

   c. Whether Defendants failed to keep accurate and complete time records for all hours worked by the New York Class Representatives and the New York Class;

   d. Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law;

   e. The proper measure of damages sustained by the New York Class Representative and the New York Class; and

   f. Whether Defendants should be enjoined from such violations in the future.

96. The New York Class Representatives will fairly and adequately protect the interests of the New York Class and have no interests antagonistic to the class. The Plaintiff is represented by attorneys who are experienced and competent in both class litigation and employment litigation.

97. A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The damages sustained by individual class members are modest compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

98. Further, the New York Class Representative and the New York Class have been equally affected by Defendants' failure to pay overtime wages, spread of hours compensation and unpaid wages. Moreover, members of the New York Class still

employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

99. Defendants have acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

100. Plaintiffs' claims are typical of those of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning the non-payment of overtime wages and the failure to keep adequate records. The job duties of Plaintiffs are typical of those of the class members.

The New York Class Representatives intend to send notice to all members of the New York Class to the extent required by Rule 23.

## FIRST CAUSE OF ACTION

**Overtime Wages Under The Fair Labor Standards Act**

101. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

102. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

103. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

104. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

105. Defendants willfully failed to pay Plaintiffs' overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

106. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

107. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

108. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

109. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

110. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

111. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION

### Violation of Frequency of Pay Under New York Labor Law

112. Plaintiffs re-allege and incorporate by reference the foregoing allegations as if set forth fully and again herein.

113. Defendants willfully violated the rights of Plaintiffs by failing to pay their wages owed on a weekly basis in which his wages were earned, in violation of New York Labor Law § 191.

114. Defendants' failure to pay wages on the statutorily prescribed schedule was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

115. Due to defendants' New York Labor Law violations, Plaintiffs are entitled to recover from defendants liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198 and § 663(1).

## FOURTH CAUSE OF ACTION

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

116. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

117. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

118. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

119. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

120. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

121. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:
   a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiffs' unpaid overtime wages;

c. Awarding Plaintiffs' unpaid wages for Defendants' failure to timely pay Plaintiff's wages;

d. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

e. Awarding Plaintiffs prejudgment and post-judgment interest;

f. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

g. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: November 21, 2023.
    Kew Gardens, NY.

*Roman Avshalumov*
Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JEFRY ARIEL IZAGUIRRE, EVER GEOVANNY GONZALEZ CEVEDA, EDAN CEVEDACACERES, and EDAN CALDERON GARCIA, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC., and MEIQIAO LLC. and WEIHONG HU, as an individual,

Defendants.

## CLASS/COLLECTIVE ACTION COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**

*Via Service of the State & Personal Service:*
**CROSSCITY INSPECTION SERVICES, INC. (NYDOS ID# 5007059)**
61-27 186th Street, Fresh Meadows, NY 11365

**HUGE CONSTRUCTION LLC. (NYDOS ID# 6427420)**
61-27 186th Street, Fresh Meadows, NY 11365

**MEIQIAO LLC. (NYDOS ID# 5287157)**
61-27 186th Street, Fresh Meadows, NY 11365

**WEIHONG HU**
61-27 186th Street, Fresh Meadows, NY 11365